Brooklyn Ash Removal Company, Inc., Appellant, *v.* Ellen T. Connell, Respondent.

**Replevin — contract — when action will lie to recover from owner possession of chartered scow.**

A provision in a contract for the charter of a scow that " We (meaning the owner) will furnish a captain for each scow at our own expense, who will be under your control and orders but you are not to be responsible for the acts of any captain in the care, movement or navigation of said scows, and we will save you harmless, and defend you from any claims, actions or suits arising therefrom," does not defeat the effect of the instrument as a demise. Hence, where the scow had been delivered to the owner for repairs and she refused to return it, replevin will lie to recover possession. (*The Willie*, 231 Fed. Rep. 865; *Dailey* v. *Carroll*, 248 Fed. Rep. 466, followed.)

*Brooklyn Ash Removal Co.* v. *Connell*, 175 App. Div. 182, reversed.

(Argued January 20, 1919; decided February 25, 1919.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 13, 1916, modifying and affirming as modified a judgment in favor of defendant entered upon an order of Special Term granting a motion by defendant for judgment upon the pleadings.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frank A. Clary* for appellant. The charter gave the possession and control of the scow to the plaintiff. (*Hagar* v. *Clark*, 78 N. Y. 45; *Anderson* v. *Boyer*, 156 N. Y. 93; *Bissell* v. *Torrey*, 60 N. Y. 635; *The Willie*, 231 Fed. Rep. 865; *Dailey* v. *Carroll*, 248 Fed. Rep. 466.)

*Nelson Zabriskie* for respondent. Replevin cannot be maintained unless plaintiff has the exclusive possession, and the complaint shows that this is not a proper case for replevin as all that the plaintiff had under the charter

party was a " use " of the scow and a " use " cannot be replevied. (1 Parsons on Shipping & Admiralty, 278, 279; *Rogers* v. *Arnold,* 12 Wend. 30.)

CUDDEBACK, J. The defendant in this action was the owner of a scow, which, with other scows, she let and chartered to the plaintiff. The scows were to be used by the plaintiff for a term fixed, at a monthly rental, in and about New York harbor, in carrying out a contract with the street cleaning department of the city. The charter of the scows provided that the defendant should keep the same in repair. The plaintiff delivered the scow in question to the defendant for repair. The defendant made the repair and then refused to return the scow to the plaintiff. Thereupon the plaintiff brought this action in replevin against the defendant to recover possession of the scow.

The main ground on which the defendant refused to return the scow was the provision of paragraph two of the contract, which reads as follows:

" *Second.* We (meaning the defendant) will furnish a captain for each scow at our own expense, who will be under your control and orders but you are not to be responsible for the acts of any captain in the care, movement or navigation of said scows, and we will save you harmless, and defend you from any claims, actions or suits arising therefrom."

It is the claim of the defendant that she merely let the use of the scows to the plaintiff, and by the provision of paragraph two in the contract she at all times had possession of the scow so that an action in replevin will not lie. It seems to me that this argument of the defendant is not sound.

It is altogether a question of the intention of the parties, and we have only the contract to go by. The contract amounted to a demise of the scows to the plaintiff, which,

of course, carried with it the right to possession, unless the contrary appears from paragraph two. Did the parties intend anything to the contrary by that paragraph which prescribed that the defendant should furnish a captain with the scow? If they did, the paragraph fails to show such intention.

What the duties of a captain of a scow may be is not set forth in the contract. So far as we can see, he was nothing more than a laborer or deckhand employed with the scow. When the owner of a large vessel, propelled by its own power, charters the same and agrees to provide the captain and crew of the vessel, we can understand something of the relationship of the parties, but to speak of the captain of a scow tells us nothing.

If we take it that the contract did not give the plaintiff complete possession, then the provision of paragraph two, relieving the plaintiff from responsibility for the acts of the captain, would seem to be unnecessary, because it is possession which entails responsibility.

The Federal courts in this district have held that provisions in a charter, like the provisions of paragraph two in this case, do not defeat the effect of the instrument as a demise. (*The Willie*, 231 Fed. Rep. 865; *Dailey* v. *Carroll*, 248 Fed. Rep. 466.) I think that is the better view, and that judgment on the pleadings should not have been directed.

I recommend that the judgments appealed from be reversed, with costs.

HISCOCK, Ch. J., COLLIN, HOGAN, MCLAUGHLIN and CRANE, JJ., concur; CHASE, J., dissents.

Judgments reversed.