NELSON E. GRAVES, Plaintiff, v. WALKER D. HINES, as Agent of the United States Railroad Administra- tion, Defendant.

(Supreme Court, Kings County, September, 1921.)

Ships and shipping — collision — property rights of owner as bailor of a barge distinct from special property rights of bailee — when bailor has a right of action against third person for injuries to vessel — property rights of bailor not affected by special clause in contract of towage between bailee and third person.

The owner of a barge, as bailor, has a general property right therein in the nature of a reversionary interest which is sepa- rate and distinct from the special property right of the bailee.

The bailor has a right of action against a third person for a negligent or tortious wrong which permanently injures or impairs the owner's reversionary interest and it is not necessary that privity of contract exists between the bailor and the alleged wrongdoer.

The respective property rights of the bailor and bailee in a barge, being separate and distinct, a clause in a contract of towage made between the bailee and one through whose alleged negligence the barge was damaged in a collision, that "all towing is done at the risk of the tow," must be limited in its application to an exemption from liability for damages to the property rights of the bailee only.

ACTION for damage to barge by reason of collision.

Macklin, Brown, Purdy & Van Wyck, for plaintiff.

Burlingham, Veeder, Masten & Fearey, for defendant.

KELBY, J. The facts in this case are not in dispute and upon the trial both sides moved for a direction of verdict.

The plaintiff was the owner of a coal barge named *Lloyd,* and on the 1st day of July, 1919, chartered the said coal barge to Hartmann-Blanchard Co., Inc., from July 23, 1919, until April 1, 1920, at the rate of ten dollars per day. Said barge was to be used to carry coal in the vicinity of New York harbor and Hudson river, or any place covered by the regular harbor insurance policy. All towage and wharfage charges while under this charter were to be paid by the charterer, Hartmann-Blanchard Co., Inc. The plaintiff, owner, agreed to keep the boat in repair, and to arrange and pay insurance on the bottoms.

On December 4, 1919, during the term of the charter party, the barge *Lloyd* was, at the request of the charterer, Hartmann-Blanchard Co., Inc., taken in tow by one of the defendant's tugs, and at about five-thirty A. M. on December 5, 1919, the barge was in collision with another tug of the defendant, named the *John E. Berwind;* by reason of the collision the barge was damaged, the reasonable cost of the repairs concededly being $1,790; with nineteen days' loss of the usable value of the boat, amounting to $190, and the resulting towing of the barge, at the expense of the plaintiff, of $40.

Prior to the collision in question and on September 2, 1918, the director-general of railroads, operating the Pennsylvania railroad and acting on behalf of the United States railroad administration, sent to Hartmann-Blanchard Co., Inc., the charterer of the boat, by registered mail the following notice:

" UNITED STATES RAILROAD ADMINISTRATION, W. G.
McADOO, DIRECTOR GENERAL OF RAILROADS, PENN-
SYLVANIA RAILROADS — EASTERN LINES
" Office foot of Cortlandt Street,
" NEW YORK, N. Y., *September 2nd,* 1918.

GENTLEMEN.— We beg to inform you that it has
become necessary for us to cease being responsible for
vessels while in tow of our tug. On and after Septem-
ber 11th, 1918, the following conditions will apply to
all work accepted and performed by tugs owned,
employed or chartered by the Pennsylvania Railroad
Company:

"All towing is done at the risk of the tow. Neither
we nor the tugs employed in the service nor the own-
ers shall be responsible for any damage done to the
tow through negligence, and the masters and crews of
the tugs, in the performance of the towage service
shall become the servants of, and identified with the
vessel or the craft towed, whether singly or with other
vessels owned by you and in possession of charterers,
and to the shifting of vessels in and around piers and
in slips.
" Very truly yours,
" D. C. CHASE,
" *Sup't. Steam Towing.*"

This notice was received by Hartmann-Blanchard
Co., Inc., on September 3, 1918.

Thereafter on the 4th day of December, 1919, the
charterer gave an oral order to the defendant to tow
the plaintiff's barge *Lloyd* from Stanton street, East
river, to South Amboy.

The contention of the defendant is that conceding
the negligence of the defendant arising out of the
collision of the tow with another tug belonging to the
defendant, that it is exonerated from liability by
reason of the notice sent by the director-general of
railroads to the charterer, as above set forth.

The owner of the barge as bailor had a general property right in the thing bailed, or a right in the nature of a reversionary interest. This reversionary interest remains in the owner and is separate and distinct from the special property right of the bailee. It is well established that apart from any action the bailee may have to recover damages for any act which interferes with his right of possession, the bailor has a right of action against a third person, in the nature of an action on the case, for a negligent or tortious wrong which permanently injures or impairs the owner's reversionary interest. Nor is it necessary to support such an action that any privity of contract must exist between the bailor and the wrongdoer. The action is based upon the principle that every person owes to every other person the duty of observing a proper measure of care to avoid injuring the property of another. This principle is recognized in the following authorities: 3 R. C. L. p. 141, § 64; 2 Addison Torts, p. 658, § 548; 6 C. J. p. 1166, § 174; *Mears* v. *London & S. W. R. Co.,* 11 C. B. (N. S.) 850; *New York, L. E. & W. R. R. Co.* v. *New Jersey Electric Railway Co.,* 60 N. J. Law, 338; affd., on opinion below, 61 id. 287; *United States* v. *Atlantic Coast Line R. Co.,* 206 Fed. Repr. 190; *Baird* v. *Daly,* 57 N. Y. 236.

Since the respective property rights of the bailor and the bailee in the thing bailed are separate and distinct, the clause in the contract of towage must be limited in its application to exempting the defendant from liability for damage to the property rights of the bailee only. This must necessarily be so unless it be assumed that a bailee is an agent of the bailor, with authority to contract away the latter's property rights. No authority for such agency in the bailee has been found by me nor has any been pointed out by counsel. The case of *Ten Eyck* v. *Director General of Railroads,* 267 Fed. Repr. 974 (C. C. A. 2) does not

vary this principle. In that case the action was in admiralty and libel was filed against the director-general of railroads, alleging that a tug of the defendant railroad injured the canal boat. The director-general brought in as a respondent the Hartmann-Blanchard Company, on the theory that said company had assumed responsibility for the negligence and had relieved the railroad. The judgment of the lower court was affirmed and the charterer held liable.

Judgment is directed in favor of the plaintiff in the sum of $2,020, with interest from December 5, 1919, and the costs of this action.

Judgment for plaintiff.