## SUN OIL CO. *v.* DALZELL TOWING CO., INC.

No. 38. Argued November 16, 1932.—Decided December 5, 1932.

292

Mr. *Frank A. Bull*, with whom *Messrs. O. D. Duncan* and *Russell T. Mount* were on the brief, for petitioner.

Mr. *Chauncey I. Clark* for respondent.

MR. JUSTICE BUTLER delivered the opinion of the Court.

This is a suit in admiralty brought by petitioner in the southern district of New York against respondent and three steam tugs, Dalzellite, W. F. Dalzell, and Fred B. Dalzell, Jr., to recover damages alleged to have been caused by their negligence to petitioner's tank steamer Sabine Sun. The court dismissed the libel. 48 F. (2d) 598. Petitioner appealed from so much of the decree as dismissed the libel as to the towing company. The Circuit Court of Appeals affirmed. 55 F. (2d) 63.

Respondent operates steam tugboats in and about New York harbor. May 14, 1925, in anticipation of the arrival of the Sabine Sun, Turnbull, petitioner's assistant marine superintendent, arranged by telephone to have respondent send tugs to take her through waters leading to Newark Bay and to a dock at Bergen Point, New Jersey. There was no writing or formal contract concerning the service to be rendered. The agreement pieced out from the oral order and acceptance and prior like transactions between the parties included as one of its terms the following clause: " When the captain of any

tug engaged in the services of towing a vessel which is making use of her own propelling power goes on board said vessel, it is understood and agreed that said tugboat captain becomes the servant of the owners in respect to the giving of orders to any of the tugs engaged in the towage service and in respect to the handling of such vessel, and neither the tugs nor their owners or agents shall be liable for any damage resulting therefrom."

On the next day the tanker anchored off Stapleton, Staten Island. The W. F. Dalzell came alongside and Bennett, her captain, went on board and acted as pilot. Using her own power and accompanied by the tug she got under way. The Dalzellite joined them off St. George and thence the three vessels went on through the Kill van Kull. Off Port Richmond the Fred B. Dalzell, Jr. became part of the flotilla. Fort, her captain, then went upon the tanker and acted as pilot, relieving Bennett. The tanker's captain, his third officer, a quartermaster and Turnbull were also there. She continued on her way using her own propelling power and assisted by the tugs. When rounding Bergen Point she went aground outside the channel, and it was then, as alleged in the libel, that she sustained the damages for which petitioner seeks to recover. She was backed off the obstruction, turned into the channel and without other mishap taken to the dock.

In view of petitioner's failure to appeal from the dismissal as to the tugs, we must assume that as to them petitioner failed to make out its case and that the stranding of the tanker was not in whole or in part due to any fault of theirs. It was not shown that respondent was to have or at any time did have control of the tanker or that it agreed or undertook to do more than to furnish tugs to assist her while using her own propelling power. Her master, officers and crew were at their stations, and her propelling power and steering apparatus were used to bring her to destination. And if the pilotage clause is

valid, the tug captains while on board the tanker and respectively acting as her pilot were for that turn the servants of petitioner and the respondent may not be held responsible for any act or omission of theirs during the period of that service.

The validity of its applicable provision cannot reasonably be doubted. So far as concerns the service to be rendered under the agreement, respondent was not a common carrier or bailee or bound to serve or liable as such. Towage does not involve bailment, and the services covered by the contract were less than towage. *Stevens* v. *The White City*, 285 U. S. 195, 200. There is no foundation in this case for the application of the doctrine that common carriers and others under like duty to serve the public according to their capacity and the terms of their undertaking cannot by any form of agreement secure exemption from liability for loss or damage caused by their own negligence. *Railroad Co.* v. *Lockwood*, 17 Wall. 357. *Liverpool & G. W. Steam Co.* v. *Phenix Ins. Co.*, 129 U. S. 397, 440. Respondent had no exclusive privilege or monopoly in respect of the services that petitioner desired to have performed for its tanker. And petitioner was under no compulsion to accept the terms of respondent's pilotage clause. There is nothing to suggest that the parties were not on equal footing or that they did not deal at arm's length. " There is no rule of public policy which denies effect to their expressed intention, but on the contrary, as the matter lies within the range of permissible agreement, the highest public policy is found in the enforcement of the contract which was actually made." *Santa Fe, P. & P. Ry. Co.* v. *Grant Bros. Co.*, 228 U. S. 177, 188.

Respondent's responsibility is not to be extended beyond the service that it undertook to perform. It did not furnish pilotage. The provision that its tug captains while upon the assisted ship would be the servants of her

owner is an application of the well-established rule that when one puts his employee at the disposal and under the direction of another for the performance of service for the latter, such employee while so engaged acts directly for and is to be deemed the employee of the latter and not of the former. *Denton* v. *Yazoo & M. V. R. Co.*, 284 U. S. 305, 308. It would be unconscionable for petitioner upon occurrence of a mishap to repudiate the agreement upon which it obtained the service.

The decree under consideration is not in conflict with the decisions of this court cited by petitioner, *The Steamer Syracuse*, 12 Wall. 167, and *Compañia de Navegacion* v. *Ins. Co.*, 277 U. S. 66. Neither involved an agreement similar to the provisions of the pilotage clause on which this case turns.

*Decree affirmed.*