MORAN TOWING & TRANSPORTATION CO., Inc., v. UNITED STATES.

District Court, S. D. New York.

March 27, 1944.

Burlingham, Veeder, Clark & Hupper, of New York City, (Eugene Underwood, of New York City, of counsel), for libellant.

James B. M. McNally, U. S. Atty., of New York City (Edward L. Smith, Frank H. Gerrodette, both of New York City, of counsel), for respondent.

BRIGHT, District Judge.

On or about September 25, 1942, libellant was requested by the respondent to assist the latter's steamship Philip Schuyler, from Pier 9 West Shore, New Jersey, to Pier 14, Hoboken, New Jersey, the vessel to use her own propelling power, under an agreement which provided, among other things, that when the captain of any tug furnished by libellant or engaged in such assistance, or any other licensed pilot, goes on board the vessel, it would be understood that such captain or pilot became the servant of the owner of the vessel, assisted in respect to the giving of orders to any of the tugs authorized to or engaged in the assisting service, and in respect to the handling of such vessel, and that neither those furnishing the tugs or pilots, nor the tugs, their owners, agents or charterers shall be liable for any damage resulting therefrom. In the assisting operation, the captain of one of the tugs furnished by the libellant went aboard the steamship and while in charge the steamship collided with and damaged a pier. The owner of the pier thereafter commenced an action in the New York Supreme Court to recover its damage, alleging negligence of the libellant. That action has not been tried. Libellant has given to respondent due notice of the demand made in that action and that it defend, to which notice respondent has failed to make any acknowledgment or response. Libellant here alleges that it is entitled to recover of respondent by way of indemnity for any sums it might be required to pay in the State Court action by way of damages, costs, disbursements and counsel fees.

Respondent appearing specially, and admitting that the Philip Schuyler was owned and operated by it and was a merchant vessel, excepts to the libel for want of jurisdiction, (1) because libellant seeks a declaratory judgment unknown to admiralty jurisdiction, (2) that libellant seeks a recovery for nonmaritime tort, and (3) that the libel is premature because libellant has not yet been held liable in the State Court.

(1) It is clear that this is not an action to recover a declaratory judgment. Libellant so admits and no serious contention was made upon the argument of the motion that it was.

(2) The cause of action is a maritime one. It is to recover damages arising out of the moving of a steamship on navigable waters by virtue of a contract to indemnify against the act or omission of an employee of the respondent engaged in that movement, and would be properly maintained in admiralty as between private parties. Sun Oil Co. v. Dalzell Towing Co., 287 U.S. 291, 53 S.Ct. 135, 77 L.Ed. 311; Moran Towing & T. Co. v. Navigazione L. T. S. A., 2 Cir., 92 F.2d 37, certiorari denied 302 U.S. 744, 58 S.Ct. 145, 82 L.Ed. 575. In those two cases both courts, were there no jurisdiction, had the right to

consider its lack and give apppropriate judgment at any stage of the proceedings Matson Navigation Co. v. United States, 284 U.S. 352-359, 52 S.Ct. 162, 76 L.Ed. 336. A libel in personam may be brought against the United States in cases where a proceeding in admiralty could be maintained if the vessel were privately owned or operated provided such vessel was employed as a merchant vessel, as it was here; and such suits shall proceed and be heard and determined according to principles of law and rules of practice obtaining in like cases between private parties. Sections 2 and 3 of the Suits in Admiralty Act, 41 Stat. 525, 526, 46 U.S.C.A. §§ 742, 743.

■ (3) I do not think the libel is premature. Had the owner of the tug originally brought action in this court instead of in the State Court there would be no question, in my opinion, of the right of the libellant here to implead the United States under the 56th Admiralty Rule, 28 U.S.C.A. following section 723, even in advance of a determination of the Towing Company's liability. Tug Nonpareil, 1924 A.M.C. 312. That could not be so in the State Court. It might fairly be said, in view of the Government's refusal to defend or take notice of the libellant's demand, that similar relief should be granted here, which, of course, could only be accomplished in this present suit, which might be considered to be a substitute for the practice under the 56th Admiralty Rule. "The admiralty is not technical in such matters; it aims to do substantial justice. In the course of common law trials, at least in the state courts in this district, the statute of limitations would frequently run before the defendant had been compelled by the court of last resort to pay such a judgment. It would have been so in this case." Munson S. S. Line v. Glasgow Nav. Co., 2 Cir., 235 F. 64, 66, certiorari denied 243 U.S. 643, 37 S.Ct. 405, 61 L.Ed. 944. That case, of course, is not exactly parallel. The libel was filed after judgment in the State Court but before payment, and on motion was dismissed as premature. After an appeal the judgment was paid and the Circuit Court of Appeals allowed the filing of a supplemental libel, setting up the payment, and the dismissal was reversed. See also The Lassell, D.C., 193 F. 539. There is a possibility here that the statute of limitations may run against this action. The authorities upon that subject are somewhat conflicting, and it does not seem right that this court should preclude libellant from a recovery if it is entitled to one.

The exceptions filed by the respondent will be overruled and the motion to dismiss will be denied. However, it seems proper that the trial of this action should be stayed until after the liablity of the libellant is finally determined in the State Court action. Settle order on notice.