**NORTH RIVER BARGE LINE**

v.

**CHILE S. S. CO., Inc., et al.**

**THE CREEK.**

**THE MARY L. McALLISTER.**

**No. 230, Docket 23022.**

United States Court of Appeals, Second Circuit.

Argued April 9, 1954.

Decided June 2, 1954.

Purdy, Lamb & Catoggio, New York City, (Edmund F. Lamb, New York City, of counsel) for libellant-appellee.

Macklin, Speer, Hanan & McKernan, New York City, (Gerald J. McKernan and James N. Allan, New York City, of counsel) for respondent-appellant.

Foley & Martin, New York City, (Christopher E. Heckman, New York City, of counsel) for McAllister Lighterage Line, Inc.

Before CHASE, Chief Judge, and SWAN and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. The opinion and findings of the district judge, reported in 111 F. Supp. 895, sufficiently state the facts. As he saw and heard the witnesses, we cannot say that his findings of fact are "clearly erroneous." We regard as wholly untenable Chile's argument, as applied to the facts, that the date of the oral charter, February 20, 1948—when there was likely to be heavy ice on the river—shows that libellant, owner of the scow, assumed the risk of ice-caused damage. It is immaterial that Chile was a sub-charterer. Libellant is clearly entitled to recover from one or the other of the respondents.

2. The sole question deserving discussion is as to the dismissal of the impleaded respondent, McAllister, owner of the tug. Chile, found to have knowledge of the ice condition, ordered McAllister to do the towing. Since, however, the tug captain testified he would not have taken out the scow except under orders, as he expected it to be damaged, the tug would be primarily liable and the charterer secondarily liable, unless the contract between Chile and McAllister, evidenced by the letter of January 14, 1947,

exonerated the tug. That letter reads as follows:

"January 14, 1947

"Mr. J. McKinley, Vice President
Chile Steamship Company, Inc.
25 Broadway,
New York, 4, New York

Gentlemen:

"We wish to notify you that this company is forced to decline liability for any damages sustained by your Scows and lighters and their cargoes which may result from or be caused by towing and navigating in ice while enroute from New York Harbor to Hastings on the Hudson, New York.

"It is understood, however, that such declination of liability does not free us from other liabilities customarily assumed by the tower.

"We shall keep you advised of the conditions in the river and if we are ordered to tow in ice we shall exercise all due diligence in the towing of your equipment. However, whether negligent or not, if any damage is sustained in towing in ice we must be released of liability on the basis stated above.

"Yours very truly,

"McAllister Lighterage Line, Inc.

"James P. McAllister, Vice-Pres."

██ In the light of the evidence as to the parties' dealings and of the findings, we consider this letter a contract, and interpret it to cover any return voyage from Hastings to New York Harbor. We also interpret it to mean that McAllister was not absolved from liability for damages due to causes in which ice was not a factor, e. g., collisions, strandings or any other grounds for which towers have been held liable to vessels in tow. We think the purpose of the parties was to relieve McAllister from the need to defend itself from any liability asserted on account of its negligence in other respects when towing in ice.

██ The trial judge held McAllister not negligent in the make-up of the tow under ice conditions, i. e., in taking the two barges alongside and not in tandem. But we shall assume, *arguendo*, that, in doing so, and also in starting out in ice conditions, there was negligence. The issue, then, is the validity of the exoneration agreement. Remembering that the operator of a tug is not a public carrier and that, *without this agreement against liability, McAllister could and would have refused to undertake towage through the river when ice-laden*, we think the agreement valid. See The Oceanica, 2 cir., 170 F. 893. A contrary dictum in The Syracuse, 12 Wall. 167, 20 L.Ed. 382, was approved in Compania de Navegacion v. Firemen's Fund Ins. Co., 277 U.S. 66, 73–74, 48 S.Ct. 459, 72 L.Ed. 787. But we think that Sun Oil Co. v. Dalzell, 287 U. S. 291, 53 S.Ct. 135, 77 L.Ed. 311, is to be taken as, in effect, accepting the doctrine of The Oceanica. See also Graves v. Davis, 235 N.Y. 315, 319–320, 139 N.E. 280; Nielson v. United States, 2 Cir., 209 F.2d 958, affirming, D.C., 112 F. Supp. 730; cf. Santa Fe P. & P. Railway Co. v. Grant Bros., 228 U.S. 177, 188–189, 33 S.Ct. 474, 57 L.Ed. 787.

Affirmed.