**AETNA INSURANCE COMPANY,**
**Libelant,**

v.

**THE Tug JOHN E. BERWIND et al.,**
**Respondents.**

**The Porto Rico Lighterage Company, Claimant.**

**No. 65.**

United States District Court,
D. Puerto Rico, San Juan Division.

March 31, 1955.

Fiddler, Gonzalez & Nido, San Juan, P. R., for libellant.

Charles R. Hartzell, Rafael O. Fernandez, Vicente M. Ydrach, San Juan, P. R., for respondents.

RUIZ-NAZARIO, District Judge.

This action is now before the court on the exceptive allegations of The Puerto Rico Lighterage Company, owner and claimant of the Tug "John E. Berwind", respondent herein, and the libelant's answer thereto.

The parties have filed memoranda in support of their respective positions on the legal questions at issue thereunder, and the court has given due consideration to these.

In Sun Oil Co. v. Dalzell Towing Co., Inc., 287 U.S. 291, 294, 53 S.Ct. 135, 136, 77 L.Ed. 311, the Supreme Court, upon affirming a decree which had dismissed the libel on the basis of an agreement exempting the tugs, their owners and agents from liability for loss or damage to the tows, while performing services much like those involved in this action, made it plain that the factual situa-

tion involved in said action failed to establish the existence of an exclusive privilege or monopoly in respect to the services contracted for therein or that the parties were not on equal footing or did not deal at arm's length.

In this respect the court said: "Respondent had no exclusive privilege or monopoly in respect of the services that petitioner desired to have performed for its tanker. And petitioner was *under no compulsion* to accept the terms of respondent's pilotage clause. There is nothing to suggest that the parties were not on *equal footing* or that they did not *deal at arm's length*." (Emphasis supplied.)

The libelant, in its answer to the exceptive allegations under consideration herein, expressly alleges (Par. IV thereof) that the conditions in the contract with the claimant exempting the latter and its tug from liability "are entirely null and void, are unilaterally fixed by The Porto Rico Lighterage Company which *enjoys a complete monopoly of towing facilities in The Commonwealth of Puerto Rico* and that Puerto Rico Drydock & Marine Terminals Inc. *was compelled* to use the towing services and facilities of the claimant for the towing of the said barge and *had no choice to do otherwise*." (Emphasis supplied.)

The sworn statement of Francis B. Crocco, attached to said answer is to the effect that he is thoroughly acquainted with the marine facilities in the Commonwealth of Puerto Rico and particularly in the San Juan harbor and area; that the Puerto Rico Lighterage Company is the only entity and/or person that provides towing facilities in said Commonwealth; that the rates and conditions fixed by said claimant for the use of its towing facilities and services are unilaterally fixed by the said company and that any person desiring to use the services and facilities of the said company must either accept its terms or not get any towing services at all

due to the virtual monopoly that said company enjoys in its activities, and that by reason thereof neither Abarca Drydock Corporation nor Puerto Rico Drydock & Marine Terminals Inc. has ever *freely* accepted the terms and conditions of claimant's tariff, but have only done so under the compulsion flowing from said monopoly.

■ The above facts must be taken as true in considering the exceptive allegations of the claimant.

Thus, the distinction made by the Supreme Court in the above-quoted language of its opinion in Sun Oil Co. v. Dalzell Towing Co., supra, becomes of vital importance for the decision of the legal questions under consideration herein.

■ Therefore, and in view of the facts alleged in Paragraph 4 of the libelant's answer to the exceptive allegations and in the sworn statement of Francis B. Crocco, attached thereto, this Court would not be justified in dismissing the libel resting on the alleged agreement as to exemption of liability on which the claimant bases its exceptive allegations, without affording libelant the opportunity of proving the aforesaid facts which, if true, may seriously affect the validity of the alleged exemptive agreement.

A trial must be had to determine, in the first instance, whether the alleged agreement is or is not valid and enforceable against libelant and, in the event it be found invalid and unenforceable, then whether libelant is entitled to the damages claimed in its libel or to any damages at all, as to which respondent may be in any way liable.

This was the procedure followed in Mengel Co. v. Inland Waterways Corporation, D.C., 34 F.Supp. 685, 689.

The respondents and claimant's request that the libel be dismissed on the legal grounds alleged in the exceptive allegations must be, and it is hereby ordered, denied.