**J. H. FRALIN et al., partners doing business under the name of J. H. Fralin and Son,**

v.

**AMERICAN CYANAMID COMPANY.**

Civ. A. No. 64–C–102–R.

United States District Court
W. D. Virginia,
Roanoke Division.

March 15, 1965.

A. Linwood Holton, Jr., Eggleston, Holton, Butler & Glenn, Roanoke, Va., for J. H. Fralin and another.

John H. Locke, Gentry, Locke & Rakes, Roanoke, Va., for American Cyanamid.

DALTON, Chief Judge.

This action is brought to test the validity of a Service Agreement entered into by Plaintiff, a large general building contractor, and Defendant, an explosives manufacturer. The agreement provides:

"WHEREAS, the undersigned customer may hereafter, from time to time, request certain assistance of American Cyanamid Company in connection with the performance of certain blasting work; and

"WHEREAS, the American Cyanamid Company is not engaged in blasting work, its business in explosives being confined solely to the manufacture and sale thereof, but to assist the said customer, the said American Cyanamid Company has agreed, at certain times, to permit the said customer the temporary use of the services of the said company's employees.

"NOW, THEREFORE, the undersigned hereby expressly agrees that, while engaged in said work, said employees are and shall be, on each occasion, to all intents and purposes, the employees of the undersigned and subject to his sole supervision and control, and that all the work and services so performed shall be at the sole risk and responsibility of the undersigned, and for any damage or loss resulting from such services, except liability for injury or death of said American Cyanamid Company employees, the undersigned expressly agrees to indemnify and hold harmless American Cyanamid Company and further to assume sole responsibility for the result of the services of such employees furnished by said American Cyanamid Company.

"This agreement shall continue in force until either party notifies the other, in writing, of its desire to terminate the same, but such termination shall not relieve either party of any liability arising thereunder prior to such termination."

Plaintiff contracted with the Commonwealth of Virginia to do some construction work at Western State Hospital in Staunton, Virginia, and requested the aid of Mr. Raymond H. Hoffman, a permanent employee of American Cyanamid and a qualified expert in the field of blasting. Before any work was undertaken by Mr. Hoffman, the above-mentioned agreement was executed. About a week later a certain blast which Hoffman was directing caused damage to nearby buildings. Plaintiff repaired the damage and three years later sued Defendant to recover payment for this work, alleging that Mr. Hoffman negligently directed, supervised, and conducted the blasting.

In the defense of this action, American Cyanamid relies primarily on the agreement between the parties, while Plaintiff's chief contention is that this was not an indemnity agreement at all, but rather an attempt by the Defendant to contract against its own negligence, and hence is void as against "public policy." Plaintiff's contentions are wholly without merit.

Plaintiff seems to admit that if the agreement is construed to be an indemnity or hold harmless agreement, then it is valid and enforceable. Even if it is assumed *arguendo* that the clause in question is an attempt to limit American Cyanamid's liability for its own negligence, the Court still believes the agreement to be valid and enforceable.

At the outset it is contended that notwithstanding the Service Agreement, Mr. Hoffman remained an employee of American Cyanamid while performing the service for Fralin. Again assuming, without deciding, that this is true, it does not follow that because Defendant would be liable to outsiders for the negligence of its employee, a valid agreement cannot be executed whereby this liability is limited as between the parties to the contract.

Plaintiff relies heavily (in fact, almost entirely) on the old Virginia case of Johnson's Adm'x v. Richmond & Danville R. R. Co., 86 Va. 975, 11 S.E. 829 (1890). It is obvious that Johnson's Adm'x is not a similar factual situation to the case at bar. There a railroad hired certain quarrymen to remove a granite bluff from its right of way, requiring the quarrymen to sign an agreement exempting the railroad from liability for the death of any employees of the quarrymen. Johnson's Adm'x is easily distinguished from this case by noting that since the bluff was being removed for the benefit of the railroad by a contractor acting on its behalf, that carrier had a non-delegable duty to see that the operation was performed with due care, and could not by contract absolve itself from liability for negligence.

Here the situation is reversed—the non-delegable duty to see that the blasting procedure was carried on with due care *rested* on Fralin and *not* on American Cyanamid. Even if we assume that Mr. Hoffman remained an employee of the Defendant, he was manifestly acting for the benefit of the Plaintiff, Fralin.

From the authorities examined, it seems to be generally held that when a seller of goods agrees to perform some service for the purchaser, a clause exculpating the seller from negligence may be included in the contract if the parties stand on an equal footing with regard to bargaining position. This clause will be enforced unless to sustain its validity would excuse the negligent party from the performance of a part of its duty to the public for which it has received, or been promised compensation. See: Hall-Scott Motor Car Co. v. Universal Ins. Co.,

122 F.2d 531 (9th Cir. 1941), cert. denied, 314 U.S. 690, 62 S.Ct. 360, 86 L.Ed. 552 (1941); Nichols v. Hitchock Motor Co., 22 Cal.App.2d 151, 70 P.2d 654 (1937). Note generally: Sun Oil Co. v. Dalzell Towing Co., 287 U.S. 291, 53 S. Ct. 135, 77 L.Ed. 311 (1932); Williams v. Chrysler Corp., 137 S.E.2d 225 (W.Va. 1964). Annot., 175 A.L.R. 1, 155 (1948); 12 Am.Jur., Contracts § 183 (1938).

Again Plaintiff seems to admit this authority but says that in fact the parties here were not on equal bargaining footing, and urges that American Cyanamid was in the position of a gas company, electric company, or railroad. This argument is not convincing. Defendant owed no duty to the public with regard to this contract, and Plaintiff has offered no facts which would give rise to the alleged superior bargaining strength. American Cynamid is neither a carrier nor a public utility, and there are no rights of third parties involved in this case. Fralin was under no obligation or compulsion to take advantage of the service which American Cyanamid offered its customers but it chose to do so, accepting the conditions which Defendant annexed to the offer.

We return to the express language of the indemnity agreement wherein Fralin "expressly agrees to indemnify, and hold harmless American Cyanamid Company and further to assume sole responsibility for the result of the services of such employees furnished by said American Cyanamid Company." This language spells out in plain simple words the rights of the parties. It does not fall within the prohibited field of contracting against one's own negligence. Under the Service Agreement, Hoffman was working for Fralin when the alleged negligent acts occurred. A valid contract had been made calling for indemnity and it included a hold harmless agreement. No rights of innocent third parties are involved.

Hence, the Court holds that there can be no recovery by Fralin against American Cyanamid Company, and an order will be entered dismissing this action.