Jack Stahislaw, J.
The motion for summary judgment dismissing the complaint is granted. There are no factual issues in dispute. The only question is the interpretation of the terms of the written agreement entered into between the parties and whether such terms effectively serve to limit the extent of defendant’s liability to plaintiff for failing to include plaintiff’s advertisement in defendant’s classified telephone directory.
The written agreement relied on by plaintiff is entitled ‘1 New York Telephone Company — Order for Directory Representation ”. The face thereof contains the legend: “ The applicant hereby requests the New York Telephone Company to insert the above units of representation in the directory specified, subject to the terms and conditions on the reverse hereof, which the undersigned has read ”. Below the legend is plaintiff’s signature as well as the signature of defendant’s account representative. The following significant paragraphs, with respect to defendant’s liability in the event of omission of a unit in its directory, appear on the reverse side of the agreement: “10. Publication of any unit in any issue of the directory specified shall constitute acceptance of this order for such unit with respect to such issue only. The omission of a unit from any issue of the directory shall constitute a rejection by the Company of the order for such unit with respect to such issue, and in the event of omission, any amount paid hereunder applicable to the omitted unit for that issue shall be refunded to the Applicant and no other or further liability shall exist.” “ 13. The Company is not responsible for special agreements of any nature unless in writing and signed by an officer of the Company-Publication of any unit shall not constitute a waiver of this condition.”
There is no claim made that the omission complained of was deliberate or due to gross negligence. On the contrary, only one cause of action is alleged and although the complaint states that the omission was caused by defendant’s negligence, the cause of action alleged is grounded in breach of contract.
We find no authority for extending the contractual limitations of defendant’s liability beyond the terms of the above-quoted paragraphs. They are neither ambiguous, unreasonable nor contrary to public policy (Kirshenbaum v. General Outdoor Adv. Co., 258 N. Y. 489). It is well settled that parties may, by special agreement, limit their liability as to each other (Graves v. Davis, 235 N. Y. 315). Having voluntarily accepted such terms, plaintiff is without grounds to seek the aid of the court to expand the stipulated limitations of defendant’s obligations.
*229 The Court of Appeals, in Hamilton Employment Serv. v. New York Tel. Co. (253 N. Y. 468) was called upon to construe the effect of a limiting regulation, similar to the clause quoted above, contained in a contract between a subscriber and the defendant corporation, defining the limitations of defendant’s liability for damages arising from errors or omissions in the publication of its directory. Noting that defendant might be liable for breach of contract, in the absence of reasonable contract stipulations limiting liability for omissions and errors, the court held that because the clause in question does not seek to immunize defendant from gross negligence or willful misconduct, it is reasonable. The court further held that absent an allegation of gross negligence or circumstances from which such negligence could be inferred, the defendant corporation, whose prime business is the transmitting of telephone messages rather than the preparation and delivery of a directory, could not be held liable to a subscriber for damages for ordinary negligence such as some unaccountable mistake by an employee in failing to include the subscriber’s'listing in its directory. “ In view of the language of the limiting regulation ’ ’, concluded the court, ‘ ‘ the right to make reasonable regulations, and the absence of an allegation of gross negligence or willful misconduct, the dismissal of the complaint must be upheld.” We find no reason to hold otherwise in the case at bar.