**AMERICAN OIL COMPANY, Plaintiff,**

v.

**M/T LACON, her engines, tackle, etc., Compania Maritime Laconia, Ltd., a Liberian Corporation, owner of the M/T Lacon, TUG LAWTON M. CALHOUN, her engines, tackle, etc., and the Atlantic Towing Company, a corporation, owners and/or operators of the Tug Lawton M. Calhoun, Defendants.**

Civ. A. No. 2758.

United States District Court,
S. D. Georgia,
Savannah Division.

Feb. 17, 1972.

Walter C. Hartridge, II, Savannah, Ga. (Bouhan, Williams & Levy, Savannah, Ga.), for American Oil Co.

Spencer Connerat, Jr., Savannah, Ga. (Connerat, Dunn, Hunter, Houlihan, Maclean & Exley, Savannah, Ga.), for M/T Lacon & Compania Maritime, Ltd.

Julian C. Sipple, Savannah, Ga. (Lawton, Sipple & Chamlee, Savannah, Ga.), for Atlantic Towing Co. and Tug Lawton M. Calhoun.

### ORDER

LAWRENCE, Chief Judge.

The bulkhead of American Oil Company's pier at Savannah was damaged when it was struck by the Motor Trans-

port "Lacon" while she was berthing with the assistance of a tug and a pilot furnished by Atlantic Towing Company. Plaintiff libelled the ship and the tug and has also sued their owners for the cost of the repairs, alleging negligence by the master and crew of each.

In Atlantic Towing Company's answer to the crossclaim against it by the shipowner it is pleaded that its "docking master" who was aboard the "Lacon" assisting in berthing her was the servant of the vessel by virtue of an agreement with the towboat company. The agreement contains what is known as a "Pilotage" or "Exculpatory" clause. It states that the pilot furnished to the ship is the "borrowed servant of the vessel assisted and her owner" and that Atlantic shall not be "liable for any act or omission" on his part.

The third-party plaintiffs ("Lacon" and her owner) have moved to dismiss paragraph 4 of the towboat company's answer to their crossclaim against it upon the ground that the clause in question is not a legal defense and is inapplicable because there is no contention by any party that the damages to the bulkhead were caused by "any act or omission" of the pilot furnished to the vessel by Atlantic.

Counsel for the shipowner contends that the exculpatory clause is invalid because it contravenes public policy, citing the towage case of Bisso v. Inland Waterways, 349 U.S. 85, 75 S.Ct. 629, 99 L. Ed. 911. I dealt with the validity of this identical Pilotage Clause in Federal Steam Navigation Company, Ltd. v. The Tugs Savannah et al., D.C., 305 F.Supp. 1293. It was there held (I followed Sun Oil Co. v. Dalzell Towing Co., 287 U.S. 291, 53 S.Ct. 135, 77 L.Ed. 311) that the clause immunized the towboat company from liability to the shipowner for damages to the vessel while she was being undocked under direction of Atlantic's docking master who was stationed on her bridge giving orders. Until told that the case in question was wrongly decided, I will abide by the holding in

*Federal Steam Navigation Company, Ltd.*

■ However, it is not necessary to deal with the issue of the validity of the Exculpatory Clause here. The pilotage agreement cannot be used by the Towing Company as a defense to the third-party action filed against it by the owner of the "Lacon" to be indemnified for payment of damages American Oil Company may recover. Concededly, the Pilotage Clause does not insulate Atlantic from liability to a stranger thereto who sustains injury as a result of a negligent docking operation. But will that not be the precise result, though indirectly obtained, if Atlantic is permitted to use the exculpatory agreement to defeat the claim over against it by the shipowner should the latter pay any judgment in favor of American Oil Company for damage to its bulkhead? The Pilotage Clause does not constitute a hold harmless agreement by a shipowner as to claims against the towboat company brought by third parties. Exculpation extends only to damage to the vessel caused by acts or omissions of the docking master furnished by Atlantic Towing Company. By no alchemy, legal or verbal, can the claim of American Oil Company be transmuted into one prohibited by the Exculpatory Clause. If the owner of the "Lacon" is found to be liable to American Oil Company because of negligence of her master or crew, it is entitled to recover over from Atlantic after satisfying such judgment or its share thereof if a breach of its warranty of seaworthiness as to the tug "Lawton M. Calhoun" caused the collision with the bulkhead.

■ The claim for indemnity by the owner of the "Lacon" against Atlantic is born of and is the flesh and blood of the damage sustained by a complete stranger to the dockage agreement. In a sense, the crossclaim remains American's claim against Atlantic. As remarked above, the Pilotage Clause applies only to claims by the shipowner for damage to the vessel being serviced by

Atlantic's docking master. The pilotage agreement does not immunize Atlantic against claims which have their inception in injury to a third party occurring in the course of the berthing of a vessel.

The motion to strike paragraph 4 of Atlantic's response to the crossclaim is overruled.