**Jose GUANGCO, Plaintiff,**

v.

**EDWARD SHIPPING & MERCANTILE, S.A., Defendant, Cross-Complainant and Appellant,**

v.

**CABRAS MARINE CORPORATION, Defendant, Cross-Defendant and Appellee.**

No. 81–4659.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 24, 1983.

Decided May 4, 1983.

William J. Blair, Klemm & Lawrence, Agana, Guam, for Cabras Marine Corp.

Matthew C. Gruskin, Ferenz, Williams, Gruskin & Ashton, Agana, Guam, for Edward Shipping & Mercantile, S.A.

Before ELY and KENNEDY, Circuit Judges, and NIELSEN,* District Judge.

PER CURIAM:

Jose Guangco ("Guangco"), a crew member on the M/V Pacific Queen, was injured on board the Pacific Queen while it was being docked in Apra Harbor in Guam. Edward Shipping & Mercantile, S.A. ("Edward") owns the Pacific Queen. At the time of the accident, a pilot employed by Cabras Marine Corporation ("Cabras") was piloting the vessel. Guangco sued Edward and Cabras for personal injuries.

Edward cross-claimed against Cabras, alleging that the pilot's negligence caused any injuries suffered by Guangco. Cabras replied that it was not liable, because its pilotage agreement with Edward contained a clause requiring that Edward indemnify Cabras for any injury resulting from the pilot's negligence. Cabras brought a motion for partial summary judgment on this point, which was originally denied, but granted on reconsideration.

The order granting partial summary judgment was certified to be final, and Edward appealed the order to the District Court of Guam, Appellate Division. That court upheld the lower court decision, and Edward brought this appeal.

Edward raises two issues, both premised on the facts that pilotage within the harbor is compulsory, and that the two companies which offer pilotage service within the harbor include virtually identical exculpatory

* Honorable Leland C. Nielsen, United States District Judge for the Southern District of California, sitting by designation.

clauses in their pilotage agreements. Edward first argues that it should not be held liable for the negligence of the pilot because it had no meaningful choice in selecting that pilot. As a second ground, Edward alleges that the pilotage agreement was a contract of adhesion, and therefore void for unconscionability.

For the first argument, Edward relies upon Guam Civil Code § 2384, which provides:

The owner or master of a ship is not responsible for the negligence of a pilot whom he is bound by law to employ; but if he is allowed an option between pilots, some of whom are competent, or is required only to pay compensation to a pilot, whether he employs him or not, he is also responsible to third persons.

It codifies the common law rule that a shipowner will not be held liable when the selection of a pilot is not a voluntary act. *Homer Ramsdell Transportation Co. v. La Compagnie Generale Transatlantique*, 182 U.S. 406, 21 S.Ct. 831, 45 L.Ed. 1155 (1901). The rule grew out of the traditional pilotage system in which a shipmaster was required to accept the first pilot to offer his services to the vessel as it entered a harbor.

In Apra Harbor, however, a shipmaster has a choice among pilots. There are two companies providing local pilotage service. And under the plain language of Guam Civil Code § 2384, as long as the shipmaster can reject a pilot, he will be held responsible if he accepts the services of that pilot. This responsibility is reinforced by an administrative regulation, which imposes on a shipmaster the duty to relieve any incompetent or negligent pilot on board his ship. 9 Guam Admin.R. § 8004.8. If the pilot aboard the Pacific Queen was negligent, Edward's shipmaster had a duty to replace that pilot.

Edward's second argument must fail, also. The exculpatory clause is not unconscionable. A review of the cases shows that all or most local pilotage agreements include a similar clause. *Bisso v. Inland Waterways Corp.*, 349 U.S. 85, 75 S.Ct. 629, 99 L.Ed. 911 (1955); *Sun Oil Co. v. Dalzell Towing Co.*, 287 U.S. 291, 53 S.Ct. 135, 77 L.Ed. 311 (1932); *United States v. SS President Van Buren*, 490 F.2d 504 (9th Cir. 1973); *A/S Atlantica v. Moran Towing & Transportation Co.*, 498 F.2d 158 (2d Cir. 1974); *Federal Steam Navigation Co., Ltd. v. Tugs Savannah & R.W. Groves*, 305 F.Supp. 1293 (S.D.Ga.1969); *People of California v. Jules Fribourg*, 140 F.Supp. 333 (N.D.Cal.1956); *but see Tankers and Tramps Corp. v. Tugs Jane McAllister, etc.*, 358 F.2d 896 (2d Cir.1966) (exculpatory clause not a part of oral contract, where there is no evidence that it is customarily a part of pilotage contracts).

The exculpatory clause is reasonable. When the pilot boards the ship and takes over direction of its movements, he becomes independent of his employer, the pilotage company. He must serve the interests of the shipowner, and not of the pilotage company. Consequently the shipowner, who has a right to the best efforts of the pilot, bears the responsibility for the acts of the pilot. *See Bisso v. Inland Waterways Corp., supra; Sun Oil Co. v. Dalzell Towing Co., supra*, G. Gilmore and C. Black, The Law of Admiralty 520–22 (1975); A. Parks, The Law of Tug, Tow and Pilotage 1049–70 (1982).

Other courts, in upholding exculpatory clauses, have noted that "[t]here is nothing to suggest that the parties were not on equal footing or that they did not deal at arm's length." *Sun Oil v. Dalzell Towing, supra* 287 U.S. at 294, 53 S.Ct. at 136; *United States v. SS President Van Buren, supra* (pilotage contract not adhesive even if parties were of uneven bargaining strength because pilotage scheme was noncompulsory, and because trip insurance was available at a nominal cost). However, we agree with the court in *Federal Steam Navigation Co. v. Tugs Savannah & R.W. Groves, supra,* that even where pilotage is compulsory, and the shipmaster does not have an equal bargaining position in negotiating a pilotage agreement, an exculpatory clause is not unconscionable. Because of the particular nature of the pilot's duties, it

is fair and reasonable to indemnify the company which employs the pilot for that period when the pilot is on board another vessel, directing the movements of that vessel. The contract which Edward signed with Cabras is enforceable, even if Edward did not and could not bargain over the exculpatory clause. The clause is fair and reasonable in the light of the customary business practices of pilotage companies in Guam and elsewhere throughout the United States.

Accordingly, the decision of the Appellate Division of the District Court of Guam is AFFIRMED.