[No. 19952. Department Two. December 10, 1926.]

SOPHIA JOHNSON, *as Administratrix of the Estate of C. F. Johnson, Deceased, Respondent,* v. FRANK HAMILTON *et al., Appellants.*[1]

[1] PARTNERSHIP (25)—MUTUAL RIGHTS—COMPENSATION OF PARTNER. A partner is not ordinarily entitled to a salary for services rendered to the partnership without an express agreement therefor; and where the partnership is continued after the death of one of the partners the survivor may so act as to forfeit the right to any salary he might have been entitled to.

Cross-appeals from a judgment of the superior court for King county, Huneke, J., entered November 3, 1925, upon findings in favor of the plaintiff in an action for an accounting, tried to the court. Affirmed.

*Wingate & Benz,* for appellants.

*Roberts & Skeel* and *Carl J. Smith,* for respondent.

PER CURIAM.—From 1902 until August, 1920, the date of Johnson's death, the appellant Frank Hamilton and C. F. Johnson were partners in the undertaking business in Seattle. Subsequent to that date and until 1923, the appellant and the respondent continued the business as partners. This is an action by the respondent for an accounting of the business.

The business was begun in a small way, and the books were kept as befitted such a business. As the business increased in volume and profit, the books continued to be kept in much the original manner, and it is a nearly impossible task to arrive at a result from them which will be exact to the last cent. An expert accountant was appointed to audit the books, and upon his report, together with the testimony taken, a patient trial court determined that the respondent was entitled

[1]Reported in 251 Pac. 274.

to judgment against the appellant in the sum of $6,001.87.

With only such ability as this court possesses in a matter as involved as this, it is unable to say that the evidence preponderates against the findings of the trial court upon which the judgment was based. There is primarily nothing involved in this case except the questions of fact arising from these accounts, although there are one or two errors of law assigned, which should be noted.

[1] The first of these is, that the court erred in finding that there was no agreement that the appellant should have been paid a salary subsequent to the death of Mr. Johnson. The answer to this is that ordinarily one partner is not entitled to compensation from the partnership for services rendered by him to the partnership, in the absence of such an agreement. While the partnership between Mr. Johnson and Hamilton was dissolved by the former's death, the business was carried on subsequent to that time as a partnership between the appellant and the respondent. Moreover, even though a partner may be, under proper circumstances, entitled to compensation for his services, the conduct of the appellant was such that he forfeited any such right to compensation which otherwise he might have had. *Bingham v. Keylor*, 25 Wash. 156, 64 Pac. 942.

It is further urged that the court erred in finding that an attorney was entitled to a fifteen per cent fee on collections made of accounts belonging to the partnership. An examination of the testimony, relating to the services rendered by this attorney, satisfies us that his services were fully worth all that he received for them.

There being no error in the record, and the testimony

sustaining the result reached by the trial court, there is no reason to disturb the judgment, either on the direct or cross-appeal, and therefore it is affirmed.