## UNITED STATES v. WALLACE et al.

(Circuit Court of Appeals, Ninth Circuit. March 21, 1927.)

No. 5032.

**1. Indemnity ⟐⟐9(1)—Contract to protect shipowner against claims for injuries to contractor's workmen held not to cover injury through negligence of employee of owner.**

Contract whereby repairing contractor agreed to protect ship and owners against claims for injury to workmen engaged by him or his subcontractor *held* not to relieve ship from liability for injury to contractor's employee through negligence of employee of owner, engaged in making repairs not covered by contract.

**2. Indemnity ⟐⟐9(1)—Generally indemnity contract against personal injuries will not be construed to indemnify aaginst negligence of indemnitee.**

Contracts of indemnity against personal injuries will not be construed to indemnify against negligence of the indemnitee himself, unless such intention clearly appears.

**3. Indemnity ⟐⟐9(1)—General words alone do not necessarily import intent to hold indemnitor for damages from negligence of indemnitee.**

General words alone do not necessarily import an intent to hold an indemnitor liable to an indemnitee for damages resulting from the sole negligence of the latter.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Libel by William Wallace against the United States, in which the United States petitioned in the Draper Engine Works Company. From the decree (16 F.[2d] 309), the United States alone appeals. Affirmed.

Ira Bronson, J. S. Robinson, H. B. Jones, and Robert E. Bronson, all of Seattle, Wash., for the United States.

John S. Jurey, of Seattle, Wash., for appellee Wallace.

B. S. Grosscup, W. C. Morrow, and Chas. A. Wallace, all of Seattle, Wash., for appellee Draper Engine Works Co.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. [1] The Draper Engine Works Company had a contract for special repair work on the steamship West Gambo, a merchant vessel owned and operated by the government. At the same time other repairs were being made by the owner upon its own account. In moving scaffolding used by them while painting in and about No. 3 hatch between-decks, the government workmen carelessly permitted a heavy timber to fall upon and seriously injure appellee Wallace, who, as an employé of the contractor, was working below them in No. 3 lower hold. Wallace brought this proceeding, in the nature of a libel in rem, under the Suits in Admiralty Act of March 9, 1920 (Comp. St. §§ 1251¼–1251¼l), against the owner alone. Answering, the owner petitioned in the contractor under general admiralty rule No. 56. There was a decree in favor of Wallace against the government alone, for $25,000, from which the latter brings this appeal.

In view of the concession at the hearing, that the record discloses no substantial error affecting the libelant's rights, there is left for consideration only the government's contention that it is entitled to relief against the contractor.

The scaffolding in question, consisting of two ordinary sawhorses, about three feet high, upon which were laid heavy loose planks, was necessarily moved from place to place at short intervals of time, as the work progressed. Without relating the details of the particular occurrence, it will suffice to say that the mode employed in manipulating the planks at the moment of the accident was so unusual that it could not have been reasonably anticipated by either the libelant or the contractor. It follows that, if the latter is in any wise liable to the government, it must be

by virtue of an indemnifying provision in the contract, which presents the one serious question in the case. This provision is as follows:

"The contractor is to fully protect the ship and owners against any and all claims for injury to workmen engaged by him or his subcontractor, in carrying out work on the vessel."

Read literally, the language is undoubtedly broad enough to cover not only cases where both indemnitor and indemnitee are negligent, but cases where, as here, the indemnitee alone is chargeable. But in the light of the circumstances and of established principles of interpretation, should it be so understood? It is one of the general clauses of the "U. S. S. B. Specifications," and by reference was adopted as a part of the specific contract here. [2] In 5 Elliott on Contracts, § 4007, it is said: "A contract of indemnity against personal injuries should not be construed to indemnify against the negligence of the indemnitee himself, unless such an intention clearly appears." Of like tenor is the text in 31 C. J. 431.

In North American Ry. Const. Co. v. Cincinnati Traction Co. (C. C. A. 7th) 172 F. 214, it is said: "Contracts of indemnity such as the one here sued upon, are usually intended to provide against loss or liability of one party, through the operations of the other, or caused by physical conditions that are under the control of the other—over which the party indemnified has no control, and the party indemnifying has control. Indeed, it would take clear language to show that a contract of indemnity was intended to cover conditions or operations under the control of the party indemnified, and not under the control of the indemnifying party, such, for instance, as accidents, the proximate cause of which is the negligence of the party indemnified."

[3] The established principle is thought to be that general words alone do not necessarily import an intent to hold an indemnitor liable to an indemnitee for damages resulting from the sole negligence of the latter; it is but reasonable to require that an obligation so extraordinary and harsh should be expressed in clear and unequivocal terms. Perry v. Payne, 217 Pa. 252, 66 A. 553, 11 L. R. A. 1173, 10 Ann. Cas. 589; Mitchell v. Southern Ry. Co., 124 Ky. 146, 74 S. W. 216; Manhattan Ry. Co. v. Cornell, 54 Hun, 292, 7 N. Y. S. 557, Id., 130 N. Y. 637, 29 N. E. 151; Houston & T. C. R. v. Diamond Press Brick Co. (Tex. Civ. App.) 188 S. W. 32; Marshall v. Maryland R. R. Co., 1 W. W. Har. (Del.) 170, 112 A. 526; Mynard v. Syracuse, 71 N. Y. 180,

27 Am. Rep. 28; Dingledy Co. v. Erie R. Co., 102 Ohio St. 236, 131 N. E. 723.

Effect and a reasonable construction may readily be given to the provision here by holding that it covers only cases where in respect to the injured person both contractor and owner are at fault. In going on the ship to do the work, and in using its tackle, the contractor had to take them as it found them. Upon it rested the primary duty to its servants to make proper inspection to see that both places and instrumentalities were reasonably safe. While as to a workman the contractor's default in that respect might not relieve the owner from responsibility in case of an injury, it would be reasonable to require the former alone to bear the loss; hence the provision for indemnity. As is pointed out in Perry v. Payne, supra, we should not, in the absence of language free from all doubt, conclude that the parties intended the contractor should assume an obligation which, for a single act of negligence on the part of the owner, or of one of its employés, over whom the contractor had no restraint or control, would not only wipe out all profit, but would exceed the total consideration for the job.

The judgment is affirmed, with costs in this court in favor of appellees.