## NEW AMSTERDAM CASUALTY CO. v. REINHART & DONOVAN CO. et al.

No. 17203—Opinion Filed March 29, 1927.

Error from District Court, Oklahoma County; Wm. H. Zwick, Judge.

Action by the New Amsterdam Casualty Company and John Clemens against the Reinhart & Donovan Company and E. W. Walker. Judgment for defendants, and plaintiffs bring error. Affirmed.

Jas. C. Cheek and Albert L. McRill, for plaintiffs in error.

Ross & Thurman, for defendants in error.

RILEY, J. This cause presents an appeal from a judgment of the district court of Oklahoma county, wherein a demurrer was sustained to plaintiffs in error's petition. It was pleaded that John Clemens, plaintiff in error, was in the employ of John C. Stewart, who was a subcontractor, under defendants in error Reinhart & Donovan, a corporation, principal contractor. E. W. Walker was the owner of the building being constructed. The New Amsterdam Casualty Company was insurance carrier of John C. Stewart. Injury to John Clemens arose out of and in the course of his employment with Stewart. The New Amsterdam Casualty Company, under its liability, paid compensation to Clemens and received an assignment of Clemens' pretended claim against Walker and Reinhart & Donovan.

Clemens contends that the compensation paid under the Workmen's Compensation Act was not exclusive, and that he is entitled to an additional sum against defendants below for pain and suffering. The New Amsterdam Company seeks to recover from defendants below, defendants in error, for the amount it paid Clemens pursuant to the workman's compensation policy.

In this cause there is no question under the pleadings but that John C. Stewart occupied the position of subcontractor.

The same contentions are here made as were made in No. 17075, Calvin Fox et al. v. Chas. M. Dunning et al., 124 Okla. 228, 255 Pac. 582. The same authorities are presented there as here. The decision there is decisive of the issue here, the syllabus of that cause is adopted as the syllabus here, and the judgment of the lower court in this cause is affirmed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, HUNT, CLARK, and HEFNER, JJ., concur.