### BUCKEYE COTTON OIL CO. v. LOUISVILLE & N. R. CO.

Circuit Court of Appeals, Sixth Circuit. February 9, 1928.

No. 4871.

I. **Appeal and error** ⬤➝927(7)—**Appellate court accepts inferences most favorable to party against whom verdict was directed, in determining whether issue was made for jury.**

In determining sufficiency of evidence to make issue for jury after directed verdict, appellate court accepts inferences most favorable to party against whom verdict was directed.

2. **Indemnity** ⬤➝9(1)—**Indemnity contract does not cover indemnitee's negligence, unless such result was clearly intended.**

Contract of indemnity will not be construed to indemnify against indemnitee's negligence, unless the intention to do so clearly appears.

3. **Indemnity** ⬤➝9(1)—**Intention to indemnify against indemnitee's negligence need not expressly appear in indemnity contract, if otherwise clearly shown.**

Intention of parties to indemnity contract to indemnify against indemnitee's negligence need not be expressly stated in contract, provided it otherwise clearly appears in language used.

4. **Indemnity** ⬤➝9(1)—**Oil company, indemnifying railroad against damages on account of structures or obstructions on private tracks, held liable for damages resulting from injury to workman when railroad car struck scaffold support near track.**

Liability of railroad for damages to workman, injured when car being switched on private tracks in oil company's yards struck upright end of scaffold erected by oil company over tracks, *held* within contract of oil company indemnifying railroad against claims and demands on account of any "damages or injuries caused directly or indirectly by the existence, location, or condition of any structure or obstruction" on the premises or on the tracks, where support was close enough to track to involve some danger, even though condition of car may have been defective, and railroad crew may have been guilty of some negligence in moving car.

In Error to the District Court of the United States for the Western District of Tennessee; Harry B. Anderson, Judge.

Action by the Louisville & Nashville Railroad Company against the Buckeye Cotton Oil Company. Judgment for plaintiff was entered after a directed verdict in plaintiff's favor, and defendant brings error. Affirmed.

R. E. King, of Memphis, Tenn. (Ewing, King & King, of Memphis, Tenn., and Dinsmore, Shohl & Sawyer, of Cincinnati, Ohio, on the brief), for plaintiff in error.

Henry J. Livingston, of Memphis, Tenn. (John B. Keeble and A. W. Stockell, Jr., both of Nashville, Tenn., on the brief), for defendant in error.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

MOORMAN, Circuit Judge. The Louisville & Nashville Railroad Company constructed a system of private railroad tracks and switches for the Buckeye Cotton Oil Company at its plant in Memphis, Tenn. The tracks were to be used by the railroad company as loading and unloading tracks for the oil company. Under the construction contract the oil company agreed "to place no overhead structure lower than 20 feet above the tops of the rails of said tracks located on the property of the second party [the oil company] and to keep the tracks free from obstructions, and agrees to hold the first party harmless from the claims and demands of any and all persons on account of any damages or injuries caused directly or indirectly by the existence, location, or condition of any structure or obstruction of any kind on the premises of the second party or by any obstruction on said tracks."

The oil company erected a scaffold over two of the tracks, and, while the railroad company was switching a cut of cars upon one of them, one of the cars struck a support or upright end of the scaffold and caused it to fall and injure a workman. The workman sued the railroad company and re-

covered a judgment in damages. This action was brought by the railroad company, under the clause referred to, to recover from the oil company the amount that the railroad company had paid in satisfaction of the judgment. There was a directed verdict for the plaintiff in the lower court. To this defendant assigns error, contending that the negligence of the train crew was the sole proximate cause of the accident, and that the contract sued on did not indemnify the plaintiff against damages resulting from the negligence of its own employees.

[1] The scaffold support was quite close to the rail of the track—exactly how close and what overhang of the rail there was by a normal car were not shown in the evidence. There was some evidence to the effect that a door on one of the cars was loose, and that one of the cars, not the first in the cut, was out of plumb, extending over to one side more than the other; but it did not appear whether the loose door, or the car, or what struck the support. On all these points the evidence was obscure enough to permit differing inferences; otherwise, the facts were undisputed. We accept the inferences most favorable to the oil company, among them that the support was a sufficient distance from the track to permit the ordinary car, not out of plumb or leaning to one side, to pass without striking it; yet we cannot infer from the evidence that it was far enough away not to involve some danger in the ordinary use of the tracks, or that there was such wholly independent negligence on the part of the switching crew as constituted the sole proximate cause of the accident.

[2, 3] There was no rule of public policy which forbade the railroad company from contracting with the oil company for indemnity against any damages which the railroad might be required to pay as the result of the ordinary negligence of its employees in operating engines and cars on these tracks. Insurance Co. v. Railway Co., 175 U. S. 91, 20 S. Ct. 33, 44 L. Ed. 84; Railway Co. v. Grant Bros., 228 U. S. 177, 33 S. Ct. 474, 57 L. Ed. 787; Carbon Co. v. Railroad Co. (C. C. A.) 15 F.(2d) 802. It is said, however, and rightly so, that a contract will not be so construed, unless it was clearly intended to have that effect. This, of course, does not mean that the intention must be expressed in terms, but that, if not so expressed, it must otherwise clearly appear in the language used. This is the effect of the authorities cited in argument. North American Railway Construction Co. v. Cincinnati Traction Co. (C. C. A.) 172 F. 214; Washington & Berkeley Bridge Co. v. Pennsylvania Steel Co. (C. C. A.) 215 F. 32; National Transit Co. v. Davis (C. C. A.) 6 F. (2d) 729; and United States v. Wallace (C. C. A.) 18 F.(2d) 20.

[4] The rule announced in these and other cases has been applied with varying results because of the differences in the terms of the various contracts considered. The clause here in question covers the claims and demands of all persons on account of any "damages or injuries caused directly or indirectly by the existence, location or condition of any structure or obstruction" on the premises or the tracks of the oil company. If, therefore, this structure or obstruction was an indirect cause of the injury, indemnity is given; and, as we have stated, under an interpretation of the evidence most favorable to defendant, it seems clear to us that the support was close enough to the track to involve some danger— a danger, we think, that reasonably might have been expected to result from the ordinary handling of cars. Cars often get slightly out of line, and hang to one side or the other of the track, and are still usable; and yet, for all that appears in the record, that kind of a car might have struck the support and brought about the accident. We think an operating condition such as that, though involving some negligence on the part of the crew in moving the car, was within the indemnity contemplated by the contract.

The judgment is affirmed.