COMMERCIAL CASUALTY INS. CO: et al. v.
PETROLEUM PIPE LINE CO. et al.

No. 1293.

Circuit Court of Appeals, Tenth Circuit.

April 9, 1936.

James C. Cheek, of Oklahoma City, Okl., for appellants.

M. W. McKenzie, of Oklahoma City, Okl. (J. H. Everest, Robt. K. Everest, and E. E. Gibbens, all of Oklahoma City, Okl., on the brief), for appellees.

Before LEWIS and BRATTON, Circuit Judges, and KENNEDY, District Judge.

BRATTON, Circuit Judge.

Commercial Casualty Company, hereinafter called Commercial, and Fidelity Union Casualty Company, hereinafter called Fidelity, filed this action against R. A. McArthur, Inc., hereinafter called McArthur and Petroleum Pipe Line Company hereinafter called Pipe Line Company, to recover by way of subrogation an amount which Commercial had previously paid in discharge of an award made to an injured workman.

It was alleged in the amended bill that McArthur was engaged in the production of oil and gas; that Pipe Line Company was engaged in the construction, maintenance, and operation of pipe lines, loading racks, and other equipment for the transportation of oil and gas belonging to McArthur; that the two corporations were separate and distinct, having separate and distinct officers and employees and engaged in separate and distinct businesses; that Fidelity executed and delivered to McArthur its policy of workmen's compensation insurance, by the terms of which it became bound and obligated to pay any compensation or benefits to which any employee of McArthur should become entitled for injury sustained in the course of his employment; that thereafter Commercial reinsured the outstanding policy liability of Fidelity, including the policy in question; that in the prosecution of its business Pipe Line Company entered into a contract with Independent Welding Company to do certain work in the construction of a loading rack; that Welding Company employed W. J. Brock on the work and that he was injured in the course of the employment; that a claim for compensation was filed with the State Industrial Commission; that

the commission made an award, holding Welding Company primarily liable and Pipe Line Company, McArthur, and Fidelity secondarily liable, and that such award was affirmed by the Supreme Court of the state; that Commercial subsequently paid the full amount thereof, plus expenses and attorney's fees; that plaintiffs agreed to pay only the compensation and benefits which should become due to employees of McArthur; that plaintiffs and McArthur did not contemplate or intend that the coverage should include employees of any independent corporation or of a subcontractor of such independent corporation; that in such circumstances Commercial is subrogated to the right of McArthur against Pipe Line Company for reimbursement of the sum paid.

Defendants interposed separate motions to dismiss the amended bill, for the reason that the facts well pleaded failed to state a cause of action. The court sustained the motions, and this appeal is from that action.

With certain exceptions which do not require discussion here, section 13351, Oklahoma Statutes, 1931, directs that every employer subject to the provisions of the Workmen's Compensation Act shall pay or provide compensation according to the fixed schedule for disability of employees resulting from accidental injury sustained in the course of their employment; that, in the absence of provisions to the contrary, every independent contractor shall be conclusively presumed to have agreed as a part of the contract to comply with the provisions of the act; that, if a principal employer fails to require an independent contractor to comply therewith, he shall be liable for all such injuries to employees of the independent contractor and those of his subcontractor; and that such employees may proceed against the principal employer and the independent contractor or subcontractor. Neither Pipe Line Company nor Welding Company carried such insurance. Welding Company, Pipe Line Company, McArthur, and Fidelity were parties to the proceeding before the Industrial Commission and the Supreme Court on appeal. It was there found, determined, and adjudicated that McArthur was a producing company; that Pipe Line Company was merely its subsidiary, organized for the exclusive purpose of transporting oil which belonged to the parent corporation; that they functioned through the same officers and workmen and from the same

offices; that McArthur paid all employees of both companies; that they were one in interest; and that Welding Company constructed the loading rack for McArthur. Predicated upon such findings and without discussing the statute, but in manifest harmony with its provisions, Welding Company was held directly and primarily liable for the award and Pipe Line Company, McArthur, and Fidelity were held secondarily liable for it. McArthur Oil Co. v. Brock, 161 Okl. 244, 17 P.(2d) 686.

The effect of the order or judgment of the Supreme Court was to adjudicate finally, and conclusively that the separate corporate entity of McArthur and Pipe Line Company should be disregarded; that they were one in interest, that McArthur was liable for the injury, and that, in consequence of its liability, Fidelity was likewise liable under its contract of insurance. That adjudication is binding upon the parties and their privies, and it cannot be attacked in a collateral manner. Commercial was not a party to that proceeding, but it is in privity with Fidelity. The allegations in the bill before us that McArthur and Pipe Line Company are separate and distinct corporations engaged in separate and distinct businesses, that Welding Company was an independent contractor under Pipe Line Company, not McArthur, and that liability to Brock was not within the coverage of the insurance as contemplated by the parties, are met with a binding adjudication to the contrary. The familiar doctrine of res judicata plainly forbids a redetermination of those questions in this manner.

It is contended that the Industrial Commission in the first instance and the Supreme Court on appeal in a proceeding to recover compensation under the statute cannot determine equitable rights, and that for such reason the right of subrogation presented here was not involved or determined there. Assuming, without deciding, that the commission and the court on appeal in such a proceeding are not vested with jurisdiction to entertain and determine equitable rights, the facts out of which the right of subrogation asserted here arises were involved there, and they were adjudicated contrary to the allegations in the bill.

The bill is fatally defective for another reason. No distinction was made in the determination of the other proceedings with respect to the liability of Pipe Line

**414**

Company, McArthur, and Fidelity. It was not held that the obligation of McArthur and Fidelity was secondary or different in any respect to that of Pipe Line Company. On the contrary, all of them were placed in the same class and held jointly and severally liable; such obligation being secondary only to that of Welding Company. It is well settled that the right of subrogation does not obtain in favor of one who discharges a debt in the performance of his own obligation, nor where the equities are equal. Fox v. Dunning, 124 Okl. 228, 255 P. 582; New Amsterdam Casualty Co. v. Reinhart & Donovan Co., 124 Okl. 227, 255 P. 587; Spire v. Spire, 104 Kan. 501, 180 P. 209; Gursky v. Rosenberg, 105 Cal.App. 410, 287 P. 575; Commonwealth v. American Surety Co., 315 Pa. 428, 172 A. 844; Merchants' Bank & Trust Co. v. Bushnell, 142 Tenn. 275, 218 S.W. 709; McKenzie v. Missouri Stables, Inc., 225 Mo.App. 64, 34 S.W.(2d) 136; American Nat. Bank v. Holsen, 331 Ill. 622, 163 N. E. 448; Grand Council v. Cornelius, 198 Pa. 46, 47 A. 1124.

The order of dismissal is affirmed.