**MASSACHUSETTS BONDING & INSURANCE CO., Plaintiff-Appellant, v. WESTINGHOUSE ELECTRIC & MANU-FACTURING CO., Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20436. Decided December 30, 1946.

S. L. Heckman, Cleveland, for Plaintiff-Appellant.

McKeehan, Merrick, Arter & Stewart, Cleveland, for Defendant-Appellee.

## OPINION

By MORGAN, J.

The only question presented on this appeal is,—Did the Common Pleas Court err in granting defendant's motion for judgment on the pleadings and in entering judgment for the defendant?

The petition states that The Carnegie-Illinois Steel Corporation is the owner of the Edgar Thompson plant at North Braddock, Pa., and that in 1938 it was enlarging its plant. The plaintiff was an insurer of the steel corporation against any claims for damages to person or property occurring during the execution of this work. On June 21, 1938, one Earnest Henzi, an employee of one of the sub-contractors fell into a

sump pit in the basement of the building then under construction and sustained serious and permanent injuries. The sump pit was "then and there left unlighted and unguarded by employees of sub-contractors of The Westinghouse Electric & Manufacturing Company" the defendant herein.

Henzi brought an action to recover his damages against The Carnegie-Illinois Steel Corporation in the United States District Court of Western Pennsylvania, alleging that his injuries were proximately caused by the negligence of the steel corporation in the following respects:

"1. The said open sump pit was negligently left unguarded and without a guard rail.

2. The said sump pit was negligently unlighted and there were no lights on the pit. The lights in the east end of the motor room basement were out.

3. There was no warning of any kind of the presence of the open pit aforesaid."

Thereafter, Henzi recovered a judgment against the defendant steel corporation in the said action for $6824.00 and court costs. Demand was made on The Massachusetts Bonding & Insurance Company, the plaintiff in this action, to pay the judgment and it "to comply with its contract then and there in full force and effect paid the judgment with interest and costs. That the said judgment should rightfully have been paid by the defendant, The Westinghouse Electric & Manufacturing Company" and that by the payment of the judgment the plaintiff thereby became subrogated to all of the rights of The Carnegie-Illinois Steel Corporation.

That the defendant, The Westinghouse Electric & Manufacturing Company, on November 18, 1937, entered into a contract with The Carnegie-Illinois Steel Corporation for the completion of the installation of electric lights, fans, electric power and machinery in the machinery room of the basement where the said sump pit was located, and where Henzi received his injuries, and generally to furnish all of the electrical equipment required in the construction, for a contract price exceeding $1,400,000.00.

That said contract further provided:

"That the said Westinghouse Electric & Manufacturing Company would save the said Carnegie-Illinois Steel Corporation harmless from and against all claims, demands or suits

which may be brought against the said Carnegie-Illinois Steel Corporation on account of any claim made under the laws of the State of Pennsylvania for injury to or death of any of the employees of the contractor and of the sub-contractors, if any." * * *

"The contractor shall also be responsible for all accidents and damages to persons or property directly or indirectly due to the erection of such equipment * * * ."

"The contractor shall hold the purchaser harmless from and against all claims, demands or suits which may be brought or made against the purchaser on account of any claim made under any of the terms or provisions of the laws of said State for injury to or death of any of the employees of the contractor, and of the sub-contractors of the contractor, if any."

That "the defendant and its sub-contractors were guilty of committing all of the acts of negligence originally charged to the Carnegie-Illinois Steel Corporation."

That The Westinghouse Electric & Manufacturing Co., in the performance of its contract sublet the work of installing electric lights, switch boards, fans, motors and all heavy electric power machines in the motor room of the said basement where the said Ernest Henzi was injured, to The Dingle-Clark Company and that the latter company employed The W. H. Fay Moving Company to unload and move in place certain heavy machinery specified in the contract.

The petition further alleges that on the day previous to the injury to Henzi, the defendant, Westinghouse Electric & Manufacturing Company, and its sub-contractors "carelessly and negligently dismantled and removed the guard rail from around said sump pit which the said Carnegie-Illinois Steel Corporation had caused to be erected thereon for the safety of employees and others about the plant * * * and said defendant and its sub-contractors failed to replace the barricade over the sump pit and carelessly and negligently failed, after removing the barricade, to place a light in, over or about said sump pit as a warning."

"That on November 1, 1939, the Carnegie-Illinois Steel Corporation notified Westinghouse about the filing of the action against it in the United States District Court and called upon Westinghouse under the 'save harmless' provisions of said contract, to defend the suit, but that Westinghouse failed, neglected and refused to save The Carnegie-Illinois Steel Corporation harmless as it had agreed to do. * * * that The Carnegie-Illinois Steel Corporation performed all under its contract to be performed and was in no way guilty of the acts of negligence

resulting in injury to Ernest Henzi and prays judgment against defendant in the sum of $7142.30 and costs."

To this petition the defendant Westinghouse filed its answer as follows:

After admitting certain formal allegations the defendant admitted the injury sustained by Henzi, the action brought by him against The Carnegie-Illinois Steel Corporation to recover his damages; admitted that Henzi's petition contained the allegations of negligence as set forth in the petition in the instant case and in addition the following:

"7. The fall of the plaintiff * * * was caused solely through the negligence of the defendant, Carnegie-Illinois Steel Corporation, its servants, agents and employees."

That on December 7, 1939, Henzi recovered a judgment in the sum of $6824.00 against The Carnegie-Illinois Steel Corporation, which the plaintiff later paid.

That on or about November 18, 1937, defendant entered into a contract with The Carnegie-Illinois Steel Corporation as alleged in the petition. Then follows a general denial.

By way of a second defense the defendant again sets forth the injuries sustained by Henzi and the action brought by him in the United States District Court for Western Pennsylvania against The Carnegie-Illinois Steel Corporation to recover his damages.

The second defense then sets forth that "on December 7, 1939, a jury was sworn therein and returned a general verdict by agreement of the parties and of The Massachusetts Bonding & Insurance Company in favor of the plaintiff and against the defendant in the sum of $6824.00. That thereafter the judgment was paid by the plaintiff in the instant case and satisfied of record."

* * *

That thereafter, towit on June 15, 1940, The Massachusetts Bonding & Insurance Company commenced its action against The Dingle-Clark Company and The W. H. Fay Moving Company to recover from them the amount of said judgment so paid, together with interest and court costs, said cause being No. 498563 on the docket of the common pleas court of Cuyahoga County, Ohio, reference to the proceedings in which case is hereby made.

Thereafter the defendants filed separate answers therein

admitting that The Carnegie-Illinois Steel Corporation owned, occupied and was in control of said premises, but denied that the injuries of the said Ernest Henzi resulted from any negligence on their part. Thereafter, on October 2, 1942, said cause came on for trial and judgment was rendered against the plaintiff and in favor of the defendants, which judgment was reversed by the Court of Appeals of said County and State. Thereafter, said defendants' motions to certify said cause to the Supreme Court of Ohio were duly allowed and upon the hearing upon the merits the Supreme Court of Ohio unanimously reversed the judgment of the Court of Appeals and affirmed that of the Common Pleas Court, said cause being reported in the Official Reports of the Supreme Court under the name of **Massachusetts Bonding & Insurance Company v The Dingle-Clark Co., et al, 142 Oh St 346.**

\* \* \*

Defendant pleads as the law of this case said holding of the Supreme Court of Ohio, to-wit, that the general verdict and judgment in the original action brought by Ernest Henzi against the Carnegie-Illinois Steel Corporation in the United States District Court of Western Pennsylvania, constituted a finding against the said defendant and that said finding is conclusive as to its negligence being the proximate cause of Henzi's injuries, as a final adjudication of said fact and alleges that by reason thereof plaintiff has no cause of action against the defendant herein and defendant pleads said judgment and the things and matters adjudicated thereby as a bar and estoppel to the maintenance of the present action.

Defendant further says that the contract of indemnity set forth in the petition does not indemnify the Carnegie-Illinois Steel Corporation for loss or liability resulting from personal injuries which were caused either wholly or in part by its own negligence.

The plaintiff in its reply denies that it was a party to the action brought by Henzi to recover his damages and further denies that "said action adjudicated that it agreed to the entry of the aforementioned verdict and judgment, but admits it consented to the agreed verdict of $6824.00."

Plaintiff in its reply further admits that it commenced the action in the Common Pleas Court of Cuyahoga County against The Dingle-Clark Company and The W. H. Fay Moving Company and admits that the Supreme Court of Ohio in said cause adjudicated that "The Carnegie-Illinois Steel Corporation, plaintiff's indemnities, was a concurrent tort-feasor with The W. H. Fay Moving Company" and for this reason the said court decided that the plaintiff was not entitled to recover

in its action against The Dingle-Clark Company and The W. H. Fay Moving Company.

Plaintiff in its reply further denied "that the aforementioned judgment plead by defendant is a bar and an estoppel to the maintenance of the present action for the reason that the present action is an action in contract to recover upon an indemnity agreement admittedly executed by The Westinghouse Electric & Manufacturing Company."

The instant action represents another effort by the plaintiff to be indemnified for its payment of the said judgment recovered by Henzi.

Does this action sound in contract or in tort? The petition clearly sets forth a cause of action for breach of contract based on the indemnity provisions of the contract between the plaintiff's insured, The Carnegie-Illinois Steel Corporation and the defendant. This is in accord with the allegations of plaintiff's reply "that the present action is an action in contract to recover upon an indemnity agreement."

On the other hand, the petition in this case contains allegations which seem to sound in tort. The petition as stated alleges that the "defendant and its sub-contractors carelessly and negligently dismantled and removed the guard rail from around said sump pit which the Carnegie-Illinois Steel Corporation had caused to be erected thereon for the safety of employees and others * * * and said defendant and its sub-contractors failed to replace the barricade over the sum pit and carelessly and negligently failed, after removing the barricade, to place a light in, over and about said sump pit as a warning." Also the petition alleges that "the defendant and its sub-contractors were guilty of committing all of the acts of negligence originally charged to the Carnegie-Illinois Steel Corporation."

It is our opinion that the case of **Massachusetts Bonding & Insurance Company v Dingle-Clark Company et al, 142 Oh St 346,** is a direct authority holding that there is an estoppel by judgment preventing the plaintiff from pursuing its tort claim in this case by reason of the judgment and finding against the plaintiff's insured, The Carnegie-Illinois Steel Corporation, in the action brought against it by the injured person, Henzi, in the United States District Court of Western Pennsylvania.

In the case of **142 Oh St 346,** the court in its opinion said at page 357:

"The steel company was charged in Henzi's petition in the original action with two distinct defaults, namely, failure

to barricade the pit and failure to light the premises. There was a general verdict by the jury which constituted a finding against the defendant steel company on both issues (citing cases). This finding against it is conclusive as to its negligence being concurrent with that of The W. H. Fay Moving Company as the proximate cause of Henzi's injury and the plaintiff in this action stands in the position of the steel company. Since the steel company under the record, must be found to have been a concurrent tort-feasor with the defendants, the plaintiff, as its insurer, is not entitled to indemnity against the defendants in this action."

The petition in the instant case contains an allegation to the effect that the failure to light the sump pit properly was due to the negligence of this defendant and its sub-contractors. If this allegation and the further allegation in the petition that "the defendant and its sub-contractors were guilty of committing all of the acts of negligence originally charged to the Carnegie-Illnois Steel Corporation" can be supported by proof, it is difficult to understand why the Carnegie-Illinois Steel Corporation consented to the entering of the judgment against it in the Henzi case; but having done so, the plaintiff in this case, basing its right on subrogation, cannot now escape all of the consequences that must follow the Henzi judgment. Among these consequences is that, as held in **142 Oh St 346,** the plaintiff cannot now be heard to assert anything contrary to the finding as to the negligence of its insured being concurrent with that of the W. H. Fay Moving Company as the proximate cause of Henzi's injury "and that the plaintiff as the insurer of the Carnegie-Illinois Steel Corporation" is not entitled to indemnity against The Dingle-Clark Company and The W. H. Fay Moving Company who are sub-contractors of the defendant and therefore for the same reason the plaintiff is not entitled to indemnity against the defendant, the principal contractor in any motion based on tort.

It is our opinion, however, that the judgment in this case reported in **142 Oh St 346,** presents no estoppel against the plaintiff in its claim against the defendant based on the indemnity provision of the contract executed by and between the defendant and plaintiff's insured. This is true because no such question was litigated or decided in **142 Oh St 346.**

In **Dingleday Lumber Company v Erie Railroad Co., 102 Oh St 236,** the court held, (syllabus 1):

"Public policy requires that contracts of indemnity purporting to relieve one from the results of his failure to exercise

ordinary care shall be strictly construed, and will not be held to provide such indemnification unless so expressed in clear and unequivocal terms."

The court in its opinion said (page 242):

"Public policy clearly requires that such contracts shall be restricted rather than extended. It is a fundamental rule in the construction of contracts of indemnity that such a contract shall not be construed to indemnify against the negligence of the indemnitee, unless it is so expressed in clear and unequivocal terms. (14 R. C. L. 47). The liability of such indemnitee is regarded to be so hazardous and the character of the indemnity so unusual and extraordinary that there can be no presumption that the indemnitor intended to assume the liability unless the contract puts it beyond doubt by express stipulation."

The contract between The Carnegie-Illinois Steel Corporation and Westinghouse Electric & Manufacturing Company has no "express stipulation" as to losses or injuries which might be caused or incurred as a result of the negligence of the steel corporation. Therefore, the contract fails to meet the requirements explicitly set forth in 102 Oh St 236 and therefore did not provide indemnity against losses or injuries caused by the negligence of the steel corporation.

For the reasons already stated, by reason of the judgment of the United States District Court in the Henzi case and the decision in 142 Oh St 346, the plaintiff in this case is estopped to claim that the negligence of its insured was not a proximate cause of Henzi's injuries.

Judgment affirmed.

SKEEL, PJ, HURD J, concur.